UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ARTIS ANDERSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 16-34-DCR |
| ) | |
| V. ) | |
| ) | |
| PATRICIA WILEY, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Artis Anderson is a resident of Winchester, Kentucky. Proceeding without an attorney, Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 2, 2016, and paid the habeas filing fee. [Record No. 1]

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Anderson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Anderson states that he is the husband of Mary Ellen Anderson. On May 29, 2015, Judge Vanessa Dickson of the District Court of Woodford County, Kentucky, entered an order appointing the Cabinet for Health and Family Services as Mary Ellen Anderson's temporary

guardian. [Record No. 1, p. 1] Anderson states that a jury trial was held in November 2015, although he does not explain its relationship to the initial guardianship hearing. Anderson asserts that appointment of a guardian for his wife was either improper or void for a number of reasons. He claims that: (i) he was not provided with the statutorily-required notice before the guardianship hearing was held; (ii) the decision was predicated upon affidavits from relatives and physicians which were speculative, conjectural, and false; and (iii) the evidence did not support any of the statutory bases for guardianship to be ordered. *Id*. at pp. 3-4. Anderson contends that the actions of Judge Dickson and CHFS constitute "human trafficking" of Mary Ellen Anderson and impose a "quasi-guardianship" over him.

Having reviewed the materials submitted, the Court will deny Anderson's petition and dismiss this action for lack of jurisdiction. The federal habeas statute provides that this Court's jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241(c)(3) provides habeas jurisdiction only if the petitioner is "in custody" and the custody is "in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Anderson is not "in custody" by virtue of court order, criminal judgment, or otherwise. Nor is there any legal basis for his contention that he is subject to a "quasi-guardianship" simply because he is subject to collateral effects on his daily life as an ordinary consequence of the appointment of a guardian for his wife. *Cf. Virsnieks v. Smith*, 521 F. 3d 707, 717-18 (7th Cir. 2008) (noting that while physical custody is no longer absolutely required, "the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement."); *Hensley v.*

*Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for *severe restraints* on individual liberty.") (emphasis added).

Anderson's challenge to the validity of a state court order placing his spouse in guardianship falls far outside this Court's habeas jurisdiction. *Cf.*, *Farias v. Family Court Servs. Investigator*, No. 1: 07-CV-521-OWW-WMW-HC, 2007 WL 1176806 (E.D. Cal. Apr. 20, 2007) (dismissing for lack of jurisdiction habeas petition which claimed that state court wrongfully deprived petitioner of his right to guardianship of his granddaughter). And even if Anderson could satisfy the "in custody" requirement, the "custody" asserted would be the consequence of a state court judgment. As a result, he would be required to pursue and exhaust all remedies available through the Kentucky state courts before he could seek federal habeas relief. 28 U.S.C. §2254(b)(1); *King v. Berghuis*, 744 F. 3d 961, 963 (6th Cir. 2014).

Accordingly, it is hereby **ORDERED** as follows:

1. Artis Anderson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 3rd day of February, 2016.

